O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORETTA WILLIAMS,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>        Defendant. | NO. CV 08-4082-MAN<br><br>MEMORANDUM OPINION<br><br>AND ORDER |

Plaintiff filed a Complaint on June 30, 2008, seeking review of the denial by the Social Security Commissioner ("Commissioner") of plaintiff's application for a period of disability ("POD") and disability insurance benefits ("DIB"). The parties filed a Joint Stipulation on March 9, 2009, in which: plaintiff seeks an order reversing the Commissioner's decision and awarding benefits or, in the alternative, remanding the matter for a new administrative hearing; and defendant seeks an order affirming the Commissioner's decision. On September 3, 2009, the parties consented to proceed before the undersigned United States Magistrate Judge. The Court has taken the parties' Joint Stipulation under submission without oral argument.

**SUMMARY OF ADMINISTRATIVE PROCEEDINGS**

On June 7, 2005, plaintiff protectively filed an application for a POD and DIB. (Administrative Record ("A.R.") 39-41.) Plaintiff alleges an inability to work since December 2, 2004, due to a heart attack, triple bypass surgery, and stress. (A.R. 31, 61.) She has past relevant work experience as an associate assembler.[1] (A.R. 62, 69.)

The Commissioner denied plaintiff's application initially. (A.R. 31-36.) Thereafter, plaintiff filed a written request for hearing, and on April 4, 2007, plaintiff, who was accompanied by a non-attorney representative, testified at a hearing before Administrative Law Judge William C. Thompson, Jr. ("ALJ"). (A.R. 26, 214-32.) On June 12, 2007, the ALJ denied plaintiff's claim, and the Appeals Council subsequently denied plaintiff's request for review of the ALJ's decision. (A.R. 3-5, 10-16.)

**SUMMARY OF ADMINISTRATIVE DECISION**

In his written decision, the ALJ found that plaintiff has not engaged in substantial gainful activity since December 2, 2004, plaintiff's alleged disability onset date, and she meets the insured status requirements of the Social Security Act through December 31, 2010. (A.R. 12.) The ALJ further found that plaintiff suffers from the "severe" impairments of status post-myocardial infarction and coronary artery bypass, but she does not have any impairment or combination of

---

[1] Plaintiff worked as an associate assembler from January 1973, through December 2004. (A.R. 69.)

impairments that meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulations No. 4. (*Id.*)

In reliance on the opinions of the consultative examiner and State Agency medical consultant, the ALJ rejected the opinion of plaintiff's treating cardiologist, Vernon Hattori, M.D. (A.R. 15.) Further, the ALJ found that plaintiff's statements concerning the intensity, persistence, and limiting effects of her subjective pain symptoms were not entirely credible. (A.R. 14.)

The ALJ determined that plaintiff has the residual functional capacity to perform light exertional activity. (A.R. 12.) Based on this residual functional capacity assessment and the testimony of a vocational expert, the ALJ found that plaintiff is capable of performing her past relevant work as an assembler. (A.R. 15.)

Accordingly, the ALJ concluded that plaintiff has not been under a disability, as defined in the Social Security Act, from December 2, 2004, through the date of the ALJ's decision. (A.R. 15.)

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole. Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (citation omitted). The "evidence must be more than

a mere scintilla but not necessarily a preponderance." Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003). While inferences from the record can constitute substantial evidence, only those "'reasonably drawn from the record'" will suffice. Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006)(citation omitted).

Although this Court cannot substitute its discretion for that of the Commissioner, the Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Sec'y of Health and Human Servs., 846 F.2d 573, 576 (9th Cir. 1988); *see also* Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Andrews v. Shalala, 53 F.3d 1035, 1039-40 (9th Cir. 1995).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn, 495 F.3d at 630; *see also* Connett, 340 F.3d at 874. The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006)(*quoting* Stout v. Comm'r, 454 F.3d 1050, 1055-56 (9th Cir. 2006)); *see also* Burch, 400 F.3d at 679.

**DISCUSSION**

Plaintiff alleges the following two issues: (1) whether the ALJ erred in rejecting the opinion of plaintiff's treating physician; and (2) whether the ALJ failed to provide clear and convincing reasons to reject plaintiff's subjective pain and symptom testimony. (Joint Stipulation ("Joint Stip.") at 3.)

**I. The ALJ Failed To Provide Specific And Legitimate Reasons For Disregarding The Opinion Of Plaintiff's Treating Physician.**

Plaintiff contends that the ALJ improperly rejected the opinion of plaintiff's treating cardiologist, Vernon Hattori, M.D. For the reasons set forth below, the Court agrees.

A treating physician's conclusions "must be given substantial weight." Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988). "Even if the treating doctor's opinion is contradicted by another doctor, the ALJ may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record." Orn, 495 F.3d at 633 (*internal punctuation and citation omitted*); *see also* McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989)("broad and vague" reasons for rejecting the treating physician's opinion do not suffice).

On June 2, 2004, Dr. Hattori completed an assessment regarding plaintiff's ability to perform work and opined that plaintiff was unable to lift anything over five pounds. (A.R. 128.) On November 22, 2004, Dr. Hattori opined that plaintiff was limited to: light duty, with no

excessive lifting; no lifting over ten pounds; and no duty requiring any reaching or pulling over shoulder height.  (A.R. 125.)  On January 18, 2006, in a supplemental statement, Dr. Hattori diagnosed plaintiff with coronary artery disease, status post-coronary artery bypass grafts, hypertension, post-operative chest pain, and depression.  (A.R. 126.) Dr. Hattori again limited plaintiff to:  no lifting over ten pounds; no excessive lifting; and no lifting or pulling over shoulder height. (*Id.*)  Dr. Hattori opined that plaintiff would not be able to work from December 1, 2004, through March 13, 2006.  (*Id.*)

In his written decision, the ALJ rejected the opinion of Dr. Hattori because:  (1) it was "internally inconsistent, with the physician variously reporting that [plaintiff] was limited to lifting 5 pounds on June 22, 2004, limited to lifting 10 pounds on November [22,] 2004, and unable to work from December 1, 2004 through March 18, 2006 in January 2006"; and (2) "[t]he subjective information provided by [plaintiff] appeared to be the basis for his findings."  (A.R. 15.)

Contrary to the ALJ's assertion, Dr. Hattori's assessments are not "internally inconsistent."  (A.R. 15.)  On February 18, 2004, plaintiff underwent double coronary artery bypass surgery.  (A.R. 102-04.)  Less than four months post-surgery, on June 2, 2004, Dr. Hattori limited plaintiff to lifting no more than five pounds.  (A.R. 128.)  Nearly nine months post-surgery, Dr. Hattori re-assessed plaintiff's limitations, taking into account plaintiff's relative improvement/healing, and opined that plaintiff was then limited to lifting no more than ten pounds.  (A.R. 125.)  It hardly seems surprising that following plaintiff's February 2004 heart surgery, her

ability to lift gradually increased from 5 pounds in June 2004, to 10 pounds in November 2004. Moreover, in January 2006, after experiencing significant discomfort and pain when reaching out and up with her arms, that began in or about December 2004, plaintiff was diagnosed with sternal dehiscence[2], and on February 27, 2006, she underwent a revision of her sternotomy[3] and removal of sternal wires. (A.R. 203-07.) In view of this setback in plaintiff's post-heart surgery healing, it is not surprising that plaintiff might be disabled until March 2006.[4]

Moreover, the ALJ's rejection of Dr. Hattori's opinion on the ground that "[t]he subjective information provided by [plaintiff] appeared to be the basis for his findings" (A.R. 15) is not a legitimate basis upon which to reject Dr. Hattori's opinion, especially in view of the ALJ's improper rejection of plaintiff's subjective pain complaints, discussed in Section II, *infra*. Invariably, a treating physician relies on a patient's descriptions of the location and intensity of pain, her responses to touch and other stimuli during examination, as well as other types of subjective information, in making a diagnosis and in assessing a patient's limitations. *Cf.* Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987). When, as in this case, there is no legal basis for the ALJ's rejection of plaintiff's credibility, the mere fact that

---

[2] According to http://en.wikipedia.org, dehiscence is "the premature 'bursting' open of a wound along a surgical suture. It is a surgical complication that results from poor wound healing."

[3] According to http://en.wikipedia.org, sternotomy is "a type of surgical procedure in which a vertical inline incision is made along the sternum, after which the sternum itself is divided, or 'cracked.'"

[4] After a careful review of the record, it remains unclear whether plaintiff continued to be disabled after March 2006, as plaintiff's most recent medical reports of record are dated February 27, 2006.

a physician has considered plaintiff's subjective reports in forming his medical opinion does not constitute a legitimate basis for discrediting that opinion.  *Cf*. Fair v. Bowen, 885 F.2d 597, 605 (9th Cir. 1989).

Accordingly, remand is required to allow the ALJ the opportunity to provide legally sufficient reasons, if such reasons exist, for rejecting the opinion of Dr. Hattori.

**II.  The ALJ Failed To Provide The Requisite Clear And Convincing Reasons For Rejecting Plaintiff's Subjective Pain Testimony.**

Plaintiff alleges that the ALJ erred in his consideration of plaintiff's subjective symptom testimony.  (Joint Stip. at 10-11, 14-15.)  For the reasons set forth below, the Court agrees.

Once a disability claimant produces objective evidence of an underlying physical impairment that is reasonably likely to be the source of her subjective symptom(s), all subjective testimony as to the severity of the symptoms must be considered.  Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004); Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 2001)(*en banc*); *see also* 20 C.F.R. § 404.1529(a) (explaining how pain and other symptoms are evaluated).  "[U]nless an ALJ makes a finding of malingering based on affirmative evidence thereof, he or she may only find an applicant not credible by making specific findings as to credibility and stating clear and convincing reasons for each." Robbins, 466 F.3d at 883.  Further, an ALJ may not rely solely on the absence of objective medical evidence supporting the *degree* of pain alleged as a basis for finding that a plaintiff's testimony regarding

subjective symptoms is not credible.  Fair, 885 F.2d at 601-02; Stewart v. Sullivan, 881 F.2d 740, 743-44 (9th Cir. 1989).

Both in her filings with the Commissioner and in her testimony, plaintiff described various subjective symptoms from which she claims to suffer.  Plaintiff testified that she had a heart attack on February 13, 2004, which required double coronary artery bypass surgery. (A.R. 102, 225.)  She stopped working because of the residual post-surgery pain in her chest, and because her "manager didn't want to accommodate [her] restrictions" of "no lifting over ten pounds, no lifting over shoulder height, [and] no pushing or pulling."  (A.R. 223-24.)  Plaintiff further testified that she has pain in both legs, because two veins were removed from one leg, and one vein was removed from the other leg, for her open-heart surgery. (A.R. 230.) Plaintiff stated that, "[a]fter 31 years of faithfulness to [her] company, long hours, injuries and stressful conditions, [her] health [has] deteriorated. [She] had open heart surgery [and] since [the] surgery [she] ha[s] not recovered." (A.R. 26.)  She further stated that she experiences an "inability to concentrate, [has] pain, insomnia, [and] depression. (*Id*.)  Plaintiff claimed that she "cannot take care of [her] hair [and] cannot reach or bend."  (A.R. 57.)  Plaintiff claimed further that she cannot reach above shoulder height or pull down, and "when [she] pick[s] things up, it pulls against [her] chest and it causes pain." (A.R. 62.)  Plaintiff stated that she is unable to sweep or mop, because "it causes [her] to have pain across [her] chest."  (A.R. 227.)

In his written decision, the ALJ found that plaintiff suffers from the "severe" impairments of status post-myocardial infarction and

coronary artery bypass, both of which are medically determinable impairments that reasonably could cause the subjective pain symptoms and attendant limitations about which plaintiff complains. (A.R. 12.) However, the ALJ rejected plaintiff's testimony regarding the nature and extent of her pain, because "[plaintiff's] medical records reflect that her treating physicians provided limited and conservative treatment, which is inconsistent with the medical response that would be expected if [plaintiff's] symptoms and limitations were as severe as [plaintiff] alleges." (A.R. 14.) When examined in the light of the record as a whole, this reason does not withstand scrutiny.

The ALJ's rejection of plaintiff's subjective complaints of residual post-open-heart surgery chest pain and attendant limitations, based on the fact that plaintiff's medical treatment appears to be "limited and conservative," mischaracterizes the record and is not a convincing reason to reject plaintiff's credibility. (A.R. 14.) Viewed in its totality, the record does not support the ALJ's findings that plaintiff's pain treatment has been "conservative" and that plaintiff's treatment history is inconsistent with her claims of disabling pain. Rather, the record reveals that not only did plaintiff treat with Dr. Hattori "every three or four months" but also in-between plaintiff's open-heart surgery in February 2004, and her dehiscence repair in February 2006, plaintiff underwent a series of injections (on March 31, 2005, June 3, 2005, and June 7, 2005) to alleviate tenderness and pain associated with a post-operative keloid formation on her sternal scar. (A.R. 153.) In February 2006, a revision of plaintiff's sternotomy and removal of sternal wires was performed to deal with the sternal separation and dehiscence plaintiff experienced following her coronary

10

surgery. (A.R. 203.) Further, there is no substantial evidence in the record to support the ALJ's inference that plaintiff's chest pain and attendant limitations would be alleviated if she were to secure more aggressive treatment, such as additional injections and/or surgery.[5] The ALJ's finding is based on an incomplete, and misleading, review of the record. The ALJ's selective assessment of the evidence does not constitute a clear and convincing reason to reject plaintiff's subjective complaints of disabling pain.

Accordingly, the ALJ's rejection of plaintiff's credibility without setting forth clear and convincing reasons for the rejection constitutes reversible error. On remand, the ALJ must provide reasons, if they exist and in accordance with the requisite legal standards, for discrediting plaintiff's pain testimony.

III. **Remand Is Required.**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id.* at 1179 ("the decision of whether to remand for further proceedings turns upon

---

[5] Plaintiff testified at the hearing that, post-sternal dehiscence repair, she continued to treat with Dr. Hattori for medication management and stress test monitoring. (A.R. 226.) It is not unreasonable for one's post-operative treatment to be less frequent and less aggressive for a stable, if debilitating, condition.

11

the likely utility of such proceedings"). However, where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Id.*

Here, remand is appropriate to allow the ALJ an opportunity to remedy the above-mentioned deficiencies and errors. *See, e.g.,* Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004)(remand for further proceedings is appropriate if enhancement of the record would be useful); McAllister, 888 F.2d at 603 (remand appropriate to remedy defects in the record).

**CONCLUSION**

Accordingly, for the reasons stated above, IT IS ORDERED that the decision of the Commissioner is REVERSED, and this case is REMANDED for further proceedings consistent with this Memorandum Opinion and Order.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for plaintiff and for defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: September 15, 2009

　　　　　　　　　　　　　　　　　*Margaret A. Nagle*
　　　　　　　　　　　　　　　　　MARGARET A. NAGLE
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE